UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN COLLINGHAM, LORI AASEN, MEGAN ACKERSON, ELIZABETH BRANDENBURG, JENNIFER CHAPMAN, LAURA DAILY, GRETCHEN GILMORE, KATHY HANEK, ROBYN HOBMEIER, JOLENE JAKUBOWSKY, PATTY KARK, JILL MARTENS, JENNIFER NJAGI, REBECCA NOVAK, SANDY SCHLOSSIN, DIANE STEWART, JESSICA STRATTON, ELLEN TICHICH, and MICHELLE VOEGELE, | Case No. 21-CV-2466 (PJS/JFD)  ORDER |
| Plaintiffs, | |
| v. | |
| CITY OF NORTHFIELD, NORTHFIELD HOSPITAL AND CLINICS, FREDERICK ALAN ROGERS, SARAH R. CARLSEN, RICHARD D. ESTENSON, C.C. LINSTROTH, JESSICA PETERSON WHITE, ROBERT SHEPLEY, and CHARLIE MANDILE, | |
| Defendants. | |

Alec J. Beck and Andrew D. Parker, PARKER DANIELS KIBORT, for plaintiffs.

Jonathan P. Norrie and Mark R. Whitmore, BASSFORD REMELE, for defendants Northfield Hospital and Clinics, Frederick Alan Rogers, Sarah R. Carlsen, Richard D. Estenson, C.C. Linstroth, Jessica Peterson White, Robert Shepley, and Charlie Mandile.

John W. Ursu, Terran C. Chambers, and Anne K. Ricchiuto, FAEGRE DRINKER BIDDLE & REATH LLP, and Amy M. Gernon, GERNON LAW PLLP, for defendant City of Northfield.

Plaintiffs are former employees of defendant Northfield Hospital and Clinics ("NH+C"), which is owned by defendant City of Northfield ("Northfield"). In August 2021, NH+C implemented a policy requiring all employees to be fully vaccinated against COVID-19 on or before October 1, 2021. The policy allowed employees to request medical or religious exemptions. Each plaintiff to this action requested a medical or religious exemption (or both), and each plaintiff's request was denied. Because plaintiffs were not exempted from the policy, and because plaintiffs thereafter refused to be vaccinated, plaintiffs were terminated or forced to quit from their positions at NH+C.

Plaintiffs then brought this action against NH+C, Northfield, and seven individual members of NH+C's Board of Directors (defendants Rogers, Carlsen, Estenson, Linstroth, Peterson White, Shepley and Mandile) ("the Board defendants"), asserting discrimination and failure-to-accommodate claims under Title VII of the Civil Rights Act of 1964 (Count I) and the Americans with Disabilities Act ("ADA") (Count II), failure-to-accommodate and aiding-and-abetting claims under the Minnesota Human Rights Act ("MHRA") (Count III), civil-rights claims under 42 U.S.C. § 1983 (Count IV), wrongful-discharge claims related to the Minnesota Refusal of Treatment

Statute, Minn. Stat. § 12.39 (Count V), breach-of-contract claims (Count VI), and claims for failure to pay wages under Minn. Stat. §§ 181.13 and 181.14 (Count VII).

This matter is now before the Court on defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 25, 31.  Northfield and the Board defendants move to dismiss Counts II, III, and IV (the only claims that are asserted against those defendants), and NH+C moves to dismiss Counts II, III, IV, and V (leaving Counts I, VI, and VII).  The Court held a hearing on April 27, 2022.  For the reasons stated on the record at that hearing and briefly summarized below, the Court grants defendants' motions.

The Court dismisses Counts II and III without prejudice.  Plaintiffs have not plausibly alleged that each of them has a qualifying disability as is required to state a claim under the ADA, 42 U.S.C. § 12112(a), and MHRA, Minn. Stat. § 363A.08, subd. 6.  Nor have plaintiffs plausibly alleged that an exemption from NH+C's COVID-19 vaccination policy would be a "reasonable accommodation" for each plaintiff's (unidentified) disability within the meaning of either statute.  Plaintiffs have also failed to plead any facts to make plausible their MHRA aiding-and-abetting claim against the Board defendants.  Plaintiffs may move to amend their complaint under Local Rule 15.1(b) if they wish to replead some or all of their ADA and MRHA claims and are able to address the deficiencies identified by the Court.

With respect to Count IV, the Court dismisses plaintiffs' § 1983 claims with prejudice insofar as those claims are premised on violations of the ADA or Title VII. As plaintiffs conceded at the hearing, § 1983 does not provide additional remedies for violations of either statute. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999) (en banc) ("the ADA's comprehensive remedial scheme bars [plaintiff's] section 1983 claims"); *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) ("Title VII provides the exclusive remedy for employment discrimination claims created by its own terms[.]"). However, the Court dismisses plaintiffs' § 1983 claims *without* prejudice insofar as those claims are premised on violations of plaintiffs' rights under the Free Exercise Clause of the First Amendment. Plaintiffs may move to amend their complaint under Local Rule 15.1(b) if they wish to replead their claims under the Free Exercise Clause and are able to address the deficiencies identified by the Court.

Finally, the Court dismisses Count V with prejudice for three reasons: *First*, there is no private right of action under the Minnesota Refusal of Treatment statute, Minn. Stat. § 12.39. *See Becker v. Mayo Found.*, 737 N.W.2d 200, 207 (Minn. 2007) ("A statute does not give rise to a civil cause of action unless the language of the statute is explicit or it can be determined by clear implication."); *Haage v. Steies*, 555 N.W.2d 7, 8 (Minn. Ct. App. 1996) ("A right of action that does not exist at common law cannot be created from regulatory statutes that do not expressly or impliedly identify a statutory

right of action."). And even if there were a private right of action, the Minnesota Refusal of Treatment statute applies only during a "national security emergency or peacetime emergency," Minn. Stat. § 12.39, subd. 1, and the parties agree that no such emergency existed at the time of the events giving rise to this action.

*Second*, under Minnesota law, an employee may recover for wrongful discharge only if she was asked by her employer to violate the law. *Phipps v. Clark Oil & Refin. Corp.*, 408 N.W.2d 569, 571 (Minn. 1987) ("[A]n employee may bring an action for wrongful discharge if that employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law . . . ."). Here, the amended complaint does not allege that plaintiffs believed in good faith that, had they chosen to be vaccinated, they could have been prosecuted for violating the law. Such an allegation would have been preposterous. Obviously, no statute or regulation *prohibits* anyone from being vaccinated against COVID-19; to the contrary, federal, state, and local governments have used every means at their disposal to *encourage* citizens to get vaccinated.[1] Over 250 million Americans—almost 80 percent

---

[1] *See About COVID-19 Vaccine*, Minn. Dep't of Health, https://www.health.state.mn.us/diseases/coronavirus/vaccine/basics.html (last visited May 17, 2022) ("Vaccination is recommended for all people 5 years and older. This includes people with underlying medical conditions; people who have had COVID-19, are pregnant, or are immunocompromised; and those of different ages, races, and ethnicities."); *COVID-19 Vaccines*, U.S. Dep't of Health & Human Servs., https://www.hhs.gov/coronavirus/covid-19-vaccines/index.html (last visited May 17,
(continued...)

of the population—have been vaccinated,[2] and none of them have been accused of thereby acting unlawfully.

*Finally*, contrary to plaintiffs' assertions, Minnesota does not recognize wrongful-discharge claims based on an employee's refusal to violate a public policy. *Dukowitz v. Hannon Sec. Servs.*, 815 N.W.2d 848, 851–52 (Minn. Ct. App. 2012), *aff'd*, 841 N.W.2d 147 (Minn. 2014) (citing *Phipps*, 408 N.W.2d at 571) (there is only one "narrow exception" to the general at-will employment rule: where an employer "terminates an employment relationship because of the employee's refusal to violate the law"). Thus, even if Minnesota can be said to have a public policy against compulsory vaccination, *cf.* Minn. Stat. § 12.39 (acknowledging individuals' "fundamental right to refuse medical treatment"), defendants cannot be held liable for terminating plaintiffs in violation of that policy.

---

[1](...continued)
2022) ("Getting vaccinated is the best way to help protect people from COVID-19. Get vaccinated if you haven't. If you are fully vaccinated, get a booster when you are eligible.").

[2]*See U.S. Coronavirus vaccine tracker*, USA Facts, https://usafacts.org/visualizations/covid-vaccine-tracker-states (last visited May 17, 2022).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motions to dismiss [ECF Nos. 25, 31] are GRANTED as follows:

1. Defendants' motions are GRANTED with respect to Counts II and III of plaintiffs' amended complaint [ECF No. 4]. Those claims are DISMISSED WITHOUT PREJUDICE.

2. Defendants' motions are GRANTED with respect to Count IV of plaintiffs' amended complaint [ECF No. 4]. To the extent that the claims in Count IV are premised on violations of the ADA or Title VII, they are DISMISSED WITH PREJUDICE. To the extent that those claims are premised on a violation of the United States Constitution, they are DISMISSED WITHOUT PREJUDICE.

3. Defendants' motions are GRANTED with respect to Count V of plaintiffs' amended complaint [ECF No. 4]. Those claims are DISMISSED WITH PREJUDICE.

Dated: May 17, 2022

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge