# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Collingham, M.D., Lori Aasen, R.N.P, Megan Ackerson, RN, Elizabeth Brandenburg, O.T., Jennifer Chapman, R.N., Laura Daily, Gretchen Gilmore, R.N., Kathy Hanek, Robyn Hobmeier, R.N., Jolene Jakubowsky, R.N., Patty Kark, R.N., Jill Martens, Jennifer Njagi, R.N., Rebecca Novak, L.P.N., Sandy Schlossin, R.N., Diane Stewart, Jessica Stratton, R.N., Ellen Tichich, R.N., and Michelle Voegele,<br><br>          Plaintiff,<br>v.<br><br>Northfield Hospital + Clinics,<br><br>          Defendant. | Case No. 21-cv-02466 (PJS/JFD)<br><br><br><br>**DEFENDANT NH+C's ANSWER TO SECOND AMENDED COMPLAINT**<br><br><br>*JURY TRIAL DEMANDED* |

Defendant Northfield Hospital + Clinics ("NH+C") for its answer to Plaintiffs' Second Amended Complaint ("Complaint"), denies each and every allegation except as hereinafter expressly admitted, qualified, or otherwise alleged, and further states as follows:

1. NH+C denies the allegations in paragraph 1 of the Complaint.

2. With respect to paragraph 2, NH+C admits that all Plaintiffs are former employees.

3. With respect to paragraph 3, NH+C admits that it required employees to receive a COVID-19 vaccination, subject to exemption and accommodation procedures.

NH+C further admits that Plaintiffs refused vaccination and requested exemptions or accommodations. NH+C denies the remaining allegations in paragraph 3.

4. NH+C admits that some Plaintiffs provided religious or health-related information in connection with requests for accommodation, but denies the remaining allegations in paragraph 4.

5. With respect to paragraph 5, NH+C admits that some Plaintiffs worked additional shifts in 2020 prior to the release of a COVID-19 vaccine. NH+C further states that following release of its COVID-19 vaccine policy, it evaluated requests for accommodation and exemptions on a case-by-case, anonymous basis through the use of a numerical identifier. NH+C also states that its "direct threat" and "undue burden" determinations were made on a case-by-case basis, and that decisions were communicated in writing. NH+C admits that Plaintiffs did not obtain an accommodation or exemption from the policy, but denies the remaining allegations in paragraph 5.

6. NH+C denies the allegations in paragraph 6.

7. With respect to paragraph 7, NH+C admits only that Plaintiffs' requests for medical exemptions were denied. NH+C lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

8. With respect to paragraph 8, NH+C admits that some Plaintiffs submitted appeals and were denied, but denies that the process lacked any individualized consideration, interaction, or determination.

9. With respect to paragraph 9, NH+C admits that Plaintiffs whose employment terminated through application of the COVID-19 policy were ineligible for payment of PTO upon separation, and denies any breach of policy or contract.

10. With respect to paragraph 10, NH+C states that Plaintiffs include those who were involuntarily separated from employment, and denies that any Plaintiff was "forced to quit."

## JURISDICTION AND VENUE

11. With respect to paragraph 11, NH+C admits, upon information and belief, that Plaintiffs filed charges with the EEOC and received right-to-sue letters from the EEOC.

12. With respect to paragraph 12, admits that this Court has jurisdiction over this lawsuit.

13. NH+C denies the allegations in paragraph 13, which relates to an entity no longer named as a defendant.

14. With respect to paragraphs 14 and 15, NH+C admits that this court has personal jurisdiction over NH+C and that venue is appropriate.

## PARTIES

15. NH+C admits the allegations in paragraph 16 and 17.

16. Paragraph 18 relates to an entity no longer named as a defendant and therefore does not require a response.

17. With respect to paragraph 19, NH+C admits that it announced a COVID-19 policy in August of 2021 which required vaccination subject to provisions for exemptions and accommodations, but denies the remaining allegations.

18. NH+C admits the allegations in the first three sentences and denies the allegations in the last two sentences of paragraph 20. NH+C is without sufficient information to admit or deny the remaining allegations and therefore denies the same.

19. NH+C admits the allegations in the first three sentences of paragraph 21 and admits that NH+C provided Aasen a final paycheck in late 2021. NH+C denies the remaining allegations.

20. NH+C admits the allegations in the first three sentences of paragraph 22. NH+C further admits that Ackerson was placed on leave as of October 15 and that her employment terminated as of October 31, 2021. NH+C denies the remaining allegation in paragraph 22.

21. NH+C admits the allegations in the first two sentences of paragraph 23, and states that Brandenburg did not receive notice of a decision due to her resignation, which became effective on September 30, 2021. NH+C denies the remaining allegations in paragraph 23.

22. NH+C admits the allegations in the first two sentences of paragraph 24 but denies the remaining allegations in that paragraph.

23. NH+C admits the allegations in the first two sentences of paragraph 25 and admits that Daily's request for a medical exemption was denied and that she later

resigned. NH+C is without sufficient information to admit or deny the remaining allegations in paragraph 25 and therefore denies the same.

24. NH+C admits the allegations in the first two sentences paragraph 26, admits that Gilmore submitted requests for exemptions and appeals which were denied, and admits that paragraph 26 contains information from the exemption request. NH+C further admits that Gilmore was placed on leave, that her employment later terminated, and that Gilmore was not paid for PTO upon termination. NH+C denies the remaining allegations in paragraph 26.

25. NH+C admits the allegations in the first sentence of paragraph 27 and that Hanek took FMLA leave relating to migraines. NH+C further admits that Hanek sought both medical and religious exemptions, and that she provided correspondence to NH+C which speaks for itself. NH+C also admits that Hanek's requests and appeal were denied, that she was placed on leave, that her employment later terminated, and that she was not paid for PTO upon termination. NH+C denies the remaining allegations in paragraph 27.

26. NH+C admits the allegation in the first sentence of paragraph 28. NH+C alleges that Hobmeier was on leave during 2021, but was cleared to return to work without restrictions as of July 12, 2021, before beginning another leave in August and returning to work without restrictions in October. NH+C further admits that Hobmeier sought both medical and religious exemptions, admits those requests were denied, and admits that Hobmeier's employment later terminated. NH+C denies the remaining allegations in paragraphs 28 and 29.

27. NH+C admits the allegations in the first five sentences of paragraph 30 and admits that Jakubowsky's employment terminated as of October 31. NH+C denies the remaining allegation in paragraph 30.

28. NH+C admits the allegations in the first four sentences of paragraph 31, admits that Kark was placed on leave, admits that her employment terminated as of October 31, and admits that she was not paid for PTO upon termination. NH+C denies the remaining allegation in paragraph 31.

29. NH+C admits the allegation in the first sentence of paragraph 32, admits that Martens made a request for medical and religious exemptions which were denied, and that her appeals were also denied. NH+C also admits that Martens was placed on leave and that her employment terminated as of October 31. NH+C is without sufficient information to admit or deny the remaining allegations in paragraph 32 and therefore denies the same.

30. NH+C admits the allegations in the first five sentences of paragraph 33, admits that Njagi was placed on leave, admits that her employment terminated as of October 31, and admits that she was not paid for PTO upon termination. NH+C denies the remaining allegation in paragraph 33.

31. NH+C admits the allegations in the first four sentences of paragraph 34, admits that Novak was placed on leave, and admits that her employment terminated as of October 31. NH+C denies the remaining allegation in paragraph 34.

32. NH+C admits the allegations in the first four sentences of paragraph 35, admits that Schlossin was placed on leave, and admits that her employment terminated as of October 31. NH+C denies the remaining allegation in paragraph 35.

33. NH+C admits the allegations in the first three sentences of paragraph 36, admits that Stewart was placed on leave, admits that her employment terminated as of October 31, and admits that she was not paid for PTO upon termination. NH+C denies the remaining allegation in paragraph 36.

34. NH+C admits the allegation in the first sentence of paragraph 37, and admits that Stratton made a request for a medical exemption which was denied. NH+C also admits that Stratton was placed on leave, that her employment terminated as of October 31, and that she was not paid for PTO upon termination. NH+C denies the remaining allegation in paragraph 37.

35. NH+C admits the first sentence of paragraph 38 and admits that Tichich at times worked remotely. MH+C also admits that Tichich made a request for medical and religious exemptions which were denied. NH+C also admits that Tichich was placed on leave, that her employment terminated as of October 31, and that she was not paid for PTO upon termination. NH+C is without sufficient information to admit or deny the remaining allegations in paragraphs 38 and 39 and therefore denies the same.

36. NH+C admits the allegations in the first four sentences of paragraph 40, admits that Voegele was placed on leave, admits that her employment terminated as of October 31, and admits that she was not paid for PTO upon termination. NH+C denies the remaining allegation in paragraph 40.

37.     NH+C admits that Plaintiffs have brought this action, but otherwise deny the allegations in paragraphs 41 and 42.

## BACKGROUND

38.     With respect to paragraph 43, NH+C admits only that Plaintiffs performed work duties prior to the availability of any COVID vaccine.

39.     NH+C admits that Paragraph 44 recites some, but not all, elements of its COVI19 policy.

40.     With respect to paragraph 45, NH+C admits that employees who did not comply with the COVID policy and did not obtain a recognized exemption or accommodation were not eligible to be paid for PTO upon termination of employment.

41.     NH+C denies the allegations in paragraph 46 and alleges that the State of Minnesota determines UI benefits.

42.     With respect to paragraph 47, NH+C admits only that its policy included a process for exemptions, which included the formation of a review panel, and that Plaintiffs' requests were denied.

43.     With respect to paragraph 48, NH+C admits only that its "direct threat" and "undue burden" determinations were made on a case-by-case, anonymous basis through the use of a numerical identifier, and that decisions were communicated in writing.

44.     NH+C denies the allegations in paragraph 49.

45.     With respect to paragraph 50, NH+C admits only that it accepted appeals pursuant to its policy, that those appeals were considered on a case-by-case basis, and that Plaintiffs' appeals were denied.

46. NH+C denies the allegations in paragraph 51.

47. With respect to paragraph 52, NH+C admits that some Plaintiffs submitted requests for religious accommodations which were denied, and that certain Plaintiffs submitted appeals which were also denied. NH+C denies the remaining allegations of that paragraph.

48. NH+C admits that vaccinated employees were given a green tag but otherwise denies the allegations in paragraph 53.

49. NH+C admits that the Plaintiffs referenced in paragraph 54 submitted requests for exemptions and appeals, which were denied (except for Brandenburg). NH+C denies the remaining allegations in that paragraph.

50. With respect to paragraph 55, NH+C admits that Brandenburg and Daily resigned, and further admits that some other remaining Plaintiffs were placed on leave and that their employment later terminated. NH+C denies the remaining allegations in that paragraph.

## FIRST CAUSE OF ACTION

51. In response to paragraph 56, NH+C restates all the prior paragraphs of the Answer as if fully set forth herein.

52. Paragraphs 57 and 58 state legal conclusions to which no response is required. To the extent any response is required, NH+C denies any allegations inconsistent with applicable law.

53. Paragraph 59 states a legal conclusion to which no response is required. To the extent any response is required, that paragraph is an incomplete recitation of

obligations under the Title VII and NH+C denies any allegations inconsistent with applicable law.

54. Paragraph 60 states legal conclusions to which no response is required. To the extent any response is required, NH+C denies any allegations inconsistent with applicable law.

55. With respect to paragraph 61, NH+C admits that Plaintiffs requested accommodations.

56. NH+C denies the allegations in paragraphs 62-65.

## SECOND CAUSE OF ACTION

57. In response to paragraph 66, NH+C restates all the prior paragraphs of the Answer as if fully set forth herein.

58. Paragraphs 67-68 state legal conclusions to which no response is required. To the extent any response is required, NH+C denies any allegations inconsistent with applicable law.

59. Paragraph 69 states a legal conclusion to which no response is required. To the extent any response is required, that paragraph is an incomplete recitation of obligations under the ADA and NH+C denies any allegations inconsistent with applicable law.

60. NH+C denies the allegations in paragraphs 70-73.

## THIRD CAUSE OF ACTION

61. In response to paragraph 74, NH+C restates all the prior paragraphs of the Answer as if fully set forth herein.

62. Paragraphs 75-78 state legal conclusions to which no response is required. To the extent any response is required, NH+C denies any allegations inconsistent with applicable law.

63. NH+C denies the allegations in paragraphs 79-81.

## FOURTH CAUSE OF ACTION

64. By Court Order, (Doc. 54) Count IV of the Complaint is dismissed with prejudice. Accordingly, no response to paragraphs 82-90 of the Complaint is required. To the extent any response is required, NH+C denies all allegations and any and all wrongdoing and liability as alleged in paragraphs 82-90.

## FIFTH CAUSE OF ACTION

65. In response to paragraph 91, NH+C restates all the prior paragraphs of the Answer as if fully set forth herein.

66. With respect to paragraph 92, NH+C states that its policy speaks for itself, and denies any allegations inconsistent with the same.

67. With respect to paragraphs 93, NH+C states that its policy and written documentation speaks for itself, and denies any allegations inconsistent with NH+C's implementation of the same, but lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

68. With respect to paragraph 94, NH+C lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

69. With respect to paragraph 95, NH+C admits that some Plaintiffs were not entitled to payment of PTO and were not paid PTO upon termination of employment.

70. NH+C denies the allegations in paragraphs 96 and 97.

## SIXTH CAUSE OF ACTION

71. In response to paragraph 98, NH+C restates all the prior paragraphs of the Answer as if fully set forth herein.

72. Paragraph 99 states a legal conclusion to which no response is required. To the extent any response is required, NH+C denies the allegations.

73. NH+C denies the allegations in paragraphs 100 and 101.

74. With respect to the allegation in paragraph 102, NH+C admits that it has not paid certain PTO to certain Plaintiffs, but denies any obligation to do so.

75. NH+C denies the allegations in paragraphs 103 and 104.

76. NH+C denies that any Plaintiff is entitled to any of the relief described in the Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred to the extent they failed to satisfy or exhaust internal administrative processes or appeals.

3. All actions taken or alleged to have been taken against Plaintiffs were reasonably necessary for the operation of NH+C's business, based on a proper purpose and legitimate, non-discriminatory reasons, in compliance will all applicable provisions of law.

4. NH+C, at all times relevant to this action, has acted in good faith towards Plaintiffs and acted in compliance with all applicable laws.

5. If any Plaintiff is found to have suffered any damage or injury, which NH+C denies, such were caused, in whole or in part, by that Plaintiff's own conduct, acts, omissions and negligence.

6. Plaintiffs failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrines of official immunity, vicarious official immunity, statutory discretionary immunity, execution of statute immunity, and any other applicable immunities contemplated by Minnesota Statute Section 466.03.

8. Plaintiffs' damages, if any, may be limited by Minnesota Statutes Section 466.

9. Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs and their requested accommodations presented a direct threat of harm to themselves, NH+C's employees, patients, and third parties.

10. Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' requested accommodations posed an undue hardship upon NH+C.

11. Plaintiff's claims may be barred, in whole or in part, for a failure to exhaust administrative remedies.

12. Plaintiffs' claims for discrimination and failure to accommodate fail to establish the necessary elements for a legal claim upon which relief may be granted.

13. Plaintiffs' claims fail because any alleged action or failure to act on the part of NH+C was not the proximate cause of any injuries to Plaintiffs.

14. Plaintiffs' request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm. Plaintiffs have an adequate remedy available at law.

15. Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, justification and applicable statutes of limitations.

16. Pending the conclusion of further discovery and investigation, NH+C respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, NH+C prays for judgment of this Court:

1. Dismissing the Complaint in its entirety, with prejudice, and on the merits;

2. Awarding NH+C its costs, interest and expenses, and reasonable attorney's fees as allowed by law; and,

3. Awarding NH+C such other and further relief as this Court deems just and equitable.

**BASSFORD REMELE**
*A Professional Association*

Dated: July 22, 2022

By*: s/ Jonathan P. Norrie*
Jonathan P. Norrie (MN #347309)
Mark R. Whitmore (MN #232439)
Peggah Navab (MN #402767)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254

Telephone: (612) 333-3000
Facsimile: (612) 333-8829
jnorrie@bassford.com

*Attorneys for Defendant Northfield Hospital + Clinics*

4877-6784-7209, v. 1