# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John Collingham, et al.,                                    Case No. 21-CV-2466 (JMB/DLM)

                              Plaintiffs,

v.                                                                    **ORDER**

Northfield Hospital and Clinics,

                              Defendant.

This matter is before the Court on the Plaintiffs' Motion for Leave to Amend (Doc. No. 105) by which Plaintiffs seek the Court's leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15. For the reasons addressed below, the Court denies Plaintiffs' motion.

## BACKGROUND

Plaintiffs[1] are former employees of Defendant Northfield Hospital and Clinics (Northfield). (Doc. No. 46 ¶ 2.) In August 2021, Northfield implemented a vaccination policy requiring all employees to be fully vaccinated against COVID-19 on or before October 1, 2021. (*Id.* ¶ 19); (Doc. No. 123-3.) The vaccination policy allowed employees to request medical or religious exemptions. (Doc. No. 46 ¶ 19.) Each Plaintiff to this action requested a medical or religious exemption (or both), and Northfield denied each

---

[1] The Court has been notified that six of the original plaintiffs have resolved their claims through settlement. (Doc. No. 134.) The Court will not dismiss those plaintiffs, however, until the Parties file the requisite stipulation under Federal Rule of Civil Procedure 41.

1

Plaintiff's request.  (*See generally Id.* ¶¶ 20–40.)  Because Plaintiffs were not exempted from the vaccination policy and because Plaintiffs thereafter refused to get vaccinated against COVID-19 as required by the vaccination policy, Plaintiffs either resigned or Northfield terminated their employment.  (*Id.*)

On June 6, 2022, approximately seven months after initiating this action and with Northfield's written consent, Plaintiffs filed a Second Amended Complaint.[2]  The Second Amended Complaint asserts the following claims against Northfield and the City of Northfield (the City): religious discrimination and failure to accommodate under Title VII of the Civil Rights Act of 1964 (Count I); disability discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (ADA) (Count II); disability discrimination and failure to accommodate under the Minnesota Human Rights Act, Minn. Stat. § 363A.08, subds. 1, 6 (MHRA) (Count III); Deprivation of Rights under Color of State Law under 42 U.S.C. § 1983 (Count IV);[3] breach-of-contract (Count V); and failure to pay wages under Minn. Stat. §§ 181.13 and 181.14 (Count VI).  (*See generally* Doc. No. 46.)  Northfield filed its Answer to the Second Amended Complaint on July 22, 2022.  (Doc. No. 55.)

---

[2] Plaintiffs' Complaint and First Amended Complaint included additional claims and defendants.  (Doc. Nos. 1, 4.)  On May 17, 2022, the Court granted defendants' motions to dismiss.  (Doc. Nos. 25, 31, 44.)  The Second Amended Complaint followed.  (Doc. No. 46.)

[3] The parties subsequently stipulated to the dismissal of Count IV, leaving Northfield as the sole remaining defendant.  (Doc. Nos. 52, 54.)

According to the Scheduling Order in this case, the deadline for further amendments to the pleadings was November 30, 2022.  (Doc. No. 59 at 3.)  Nevertheless, on January 2, 2024, Plaintiffs filed the instant motion seeking leave to amend their pleadings for a third time.  (Doc. No. 105.)

## DISCUSSION

Plaintiffs request the Court's permission under Rule 15(a) to file a third amended complaint in order to add a seventh claim against Northfield: religious discrimination and failure to accommodate under the MHRA.  (Doc. No. 107 at 4); *see generally* Minn. Stat. § 363A.08.  Northfield opposes the motion, arguing that Plaintiffs have failed to establish the required "good cause" under Rule 16(b) to amend the pleadings after the time for amendment has passed.  (Doc. No. 126 at 6.)

Rule 15(a)(2) provides that, absent prejudice to a non-moving party, the court should "freely give leave" to amend the pleadings "when justice so requires."  *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 995 (8th Cir. 2001).  However, when a party moves for leave to amend the pleadings under Rule 15(a) outside of the time permitted by a scheduling order "requires a showing of good cause" pursuant to Rule 16.  *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 977 (8th Cir. 2013); *see* Fed. R. Civ. P. 16(b)(4).  This good-cause requirement "is not optional."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."  *Id.*  The Court may engage in the Rule 15(a) analysis only after resolving whether good cause exists to amend a scheduling order.  *Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn.

2019).  Stated another way, "Rule 16 opens the door to Rule 15."  *Id.*  This is a more stringent standard than in Rule 15.  *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (calling the good-cause standard "less forgiving").[4]

As noted, the Scheduling Order set November 30, 2022, as the deadline to amend the pleadings.  (Doc. No. 59 at 3.)  Plaintiffs brought this motion on January 2, 2024—13 months after the Scheduling Order's deadline.  (Doc. No. 105.)  Accordingly, Plaintiffs are required to show good cause for their delay.  Plaintiffs, however, do not explicitly address the "good cause" standard under Rule 16(b) in their written submission to the Court.  (Doc. No. 107.)  Although the Court could deny the motion on this basis alone, the Court nevertheless addresses whether good cause exists.  *See Sherman*, 532 F.3d at 719, 724.

To determine good cause, courts analyze "the movant's diligence in attempting to meet the [scheduling] order's requirements."  *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014); *see also Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) ("The primary measure of good cause is the movant's diligence in attempting to meet deadlines." (quotation omitted)).  Evidence of good cause could be "a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading."  *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).  A movant must also demonstrate that,

---

[4] Plaintiffs focus almost entirely on an argument that the requested amendment would not prejudice Northfield.  (Doc. No. 107 at 5–7.)  Contrary to this argument, however, and pursuant to Rule 16, courts must first consider whether the moving party acted diligently.  *Sherman*, 532 F.3d at 716–17; *see also Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) ("[Courts] generally will not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines.").

despite diligence, the proposed claims could not have been reasonably sought in a timely manner. *Sherman*, 532 F.3d at 716–17.

Here, Plaintiffs generally assert that their motion is based on "a recent clarification of the law," and that they brought this motion "as soon as [they] became aware of" two decisions in this District. (Doc. No. 107 at 3–4, 6.); *see Lee v. Seasons Hospice*, No. 22-CV-1593 (PJS/DJF), 2023 WL 6387794 (D. Minn. Sept. 29, 2023); *Witham v. Hershey Co.*, No. 23-CV-1563 (ECT/JFD), 2023 WL 8702627 (D. Minn. Dec. 15, 2023). The Court is not convinced that this assertion satisfies the diligence requirement for three reasons.

First, the proposed amendment is not based on a change in the law. As Plaintiffs acknowledge, neither of the two cited decisions binds the Court in this case. Similarly, neither decision changed or developed the applicable law. Instead, the proposed amendment is based on a change in Plaintiffs' assessment of the merits of a claim that could have been brought all along. In other words, the amendment reflects a change in litigation strategy, which is insufficient to establish good cause. *See Ellingsworth*, 949 F.3d at 1100; *Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 740 (8th Cir. 2017) (affirming denial of motion to amend because the "[d]efendants are responsible for pleading their case without the Court's assistance" (internal quotation marks omitted)); *Sherman*, 532 F.3d at 718 (explaining that a diligent party "would have performed this research at the outset of the litigation, and at least prior to the scheduled deadline"); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (affirming denial of motion to amend because "the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit").

Second, the amendment is also not based on any change in facts.  Plaintiffs assert that the proposed MHRA claim "is virtually, or even exactly, identical" to their failure to accommodate claims under Title VII and that "[t]he discovery already conducted by Defendant on this issue will exactly address any [MHRA] claim . . . ."  (Doc. No. 107 at 5.)  In making this argument, Plaintiffs necessarily concede that they had all the necessary facts to bring the proposed MHRA claim when they commenced this litigation on November 8, 2021, and when they filed the Second Amended Complaint on June 6, 2022.

Finally, and perhaps most importantly, Plaintiffs provide no explanation as to why they were precluded from bringing the proposed MHRA claim prior to the Scheduling Order's deadline.  Nor do Plaintiffs explain the steps they took to diligently pursue the proposed MHRA claim before the deadline.  Absent any legal or factual changes and without some description of the steps Plaintiffs took to satisfy the diligence requirement, the Court concludes that Plaintiffs have failed to show good cause for filing this motion after the deadline in the Scheduling Order.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Leave to Amend (Doc. No. 105) is DENIED.


Dated:  April 25, 2024                          /s/ Jeffrey M. Bryan
                                                Judge Jeffrey M. Bryan
                                                United States District Court

6